G. E. CAMERON v. J. J. TERRELL, COMMISSIONER OF THE GENERAL LAND OFFICE.

No. 1767. Decided January 29, 1908.

**School Land—Abandonment and Purchase at Resale.**

The proviso to section 3 of the Act of April 19, 1901, with relation to sales of school land to one whose previous purchase had been forfeited by his abandonment of it, did not forbid his becoming a purchaser of the same land when offered for resale. It was merely intended to limit the amount to be sold to any one purchaser and attached no penalty to his abandonment, in addition to forfeiture of his title and payments, except that, in applying to purchase other lands, the purchase which he had abandoned and forfeited was counted against him in determining whether the aggregate of his purchases exceeded the amount which one person was permitted to buy. (Pp. 304, 305.)

Application to the Supreme Court by Cameron, for writ of mandamus against the Commissioner of the General Land Office. G. N. Bogel, an adverse claimant of the land in controversy, was made a corespondent.

*James & Yeiser,* for relator.

*Robert V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent Terrell.

*Chas. Rogan,* for respondent Bogel.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This case presents only one question which, as stated by counsel for relator, is: "Whether or not a purchaser of public school land under the Act of 1905, who has abandoned his land and permitted it to be cancelled for such abandonment, can again, when the land comes on the market under advertisement of the Land Commissioner, become a new purchaser of the same land in competition with other bidders." The co-respondent, Bogel, was in the situation indicated in the question when he became a bidder, in competition with relator, after the land, the previous sale of which to him had been cancelled by the Commissioner for abandonment, had been advertised for resale, and, being the highest bidder, received the award in preference to relator.

There is no provision in the statutes which, in express terms, forbids a purchase merely because the applicant has suffered a forfeiture of a previous purchase on the ground of abandonment. The only provision which is claimed to have the effect contended for by relator is Section 3 of the Act of 1901, which is as follows:

"The Commissioner of the General Land Office is hereby prohibited from selling to the same party more than four sections of land, and all applications to purchase land shall also disclose the prior lands purchased by the applicant from the State, if any, since the taking effect of this act, and the residence of the applicant at said time, and if it appear therefrom or from the records in the Land Office that said applicant has already purchased land aggregating four sections since the taking effect of this act, his application shall be rejected; provided, this shall not apply to sales made to a purchaser and afterwards canceled as invalid for some reason other than abandonment and where the purchaser himself was not at fault. Every purchaser shall be required within three years after his purchase to erect permanent and valuable improvements on the land purchased by him, which improvements shall be of the reasonable market value of three hundred dollars. If any purchaser shall fail to reside upon and improve in good faith the land purchased by him as required by law, he shall forfeit said land and all payments made thereon to the State, to the same extent as for nonpayment of interest, and such land shall be again upon the market as if no such sale and forfeiture had occurred, and all forfeitures for nonoccupancy shall have the effect of placing the land upon the market without any action whatever on the part of the Commissioner of the General Land Office."

By the Act of 1905 the number of sections which may be purchased in named counties, including Presidio, has been increased from four to eight.

The inhibition is against the sale of more than eight sections (in such counties) to the same person, and not against the sale of any land to an applicant on the ground that he has before purchased and forfeited it. The only penalty that the Legislature, so far, has attached to abandonment is the forfeiture of the purchase and

of the payments made. It has, also, to some extent, secured the State against imposition by empowering the Commissioner at any time to reappraise lands and forbidding sales for less than the value put upon them by him. So that the policy apparent in section 3 is not that of preventing abandonments by disqualifying purchasers who have abandoned their settlements from afterwards buying the same or other land, but the policy is that of preventing sales of more than the given quantity to one person. The proviso gives a rule to be followed in ascertaining whether or not the limit has been reached in prior sales. Its substance is that sales cancelled for invalidity and without the fault of the purchaser are not to be counted against him, while sales which have been cancelled for abandonment are to be counted. But that which is to be prevented, at last, is that which is prohibited in the first clause, namely, the sale of more than eight sections to the same person. The Legislature when enacting the proviso evidently had in mind cases in which the cancelled sales were of different lands from those last applied for. When an application is made for the purchase of not more than eight sections, sales of which have previously been made to the applicant and cancelled, the award of the land to him is not a sale of more than the quantity prescribed, but is a second sale to him of the same land. Morally his position may be no better than that of another who has bought and abandoned other lands. It may be said of both that, when they attempt to buy again, they hold none of the land by purchase from the State and that one should be in no better position than the other to claim the benefit of these laws. If the purpose of the statute appeared to be to deny the privilege of buying merely because of previous purchases and abandonments and as a penalty therefor, those considerations might be controlling. But the only concern the Legislature seems to have had in these provisions was to limit the quantity that may be bought, and the proviso relates only to cases in which the sections applied for, when added to those previously bought, aggregate more than the given number. In such cases the previous sales are to be counted or not according to the reasons for their cancellation. In cases like this, where no more than eight sections are ever in question, there is no occasion to resort to the proviso at all.

*Mandamus refused.*